

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

<u>By electronic filing</u>　　　　　　　　　　　　October 7, 2025

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

　　　Re:　*Bainbridge Fund Ltd. v. Republic of Argentina*, 25-1686
　　　　　*Petersen Energía Inversora SAU v. Argentine Republic*, 25-1687
　　　　　*Eton Park Capital Management LP v. Argentine Republic*, 25-1689

Dear Ms. Wolfe:

　　　This Office represents the United States as amicus curiae in the above-named appeals. The French Republic has transmitted a diplomatic note, dated September 30, 2025, to the U.S. Department of State, presenting its views regarding the sovereign immunity of foreign states, and requesting that the note be transmitted to this Court. As a diplomatic courtesy and in furtherance of this Court's consideration of the matters before it, the United States respectfully forwards France's diplomatic note. The forwarding of this diplomatic note is not intended to convey any separate, independent view of the United States on any substantive issue of law. Thank you for your consideration.

　　　　　　　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　　　　SEAN S. BUCKLEY
　　　　　　　　　　　　　　　　　　Attorney for the United States
　　　　　　　　　　　　　　　　　　as Authorized by 28 U.S.C. § 515

　　　　　　　　　　　　　By:　　/s/ Benjamin H. Torrance
　　　　　　　　　　　　　　　　　　DAVID E. FARBER
　　　　　　　　　　　　　　　　　　BENJAMIN H. TORRANCE
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Telephone: 212.637.2703
　　　　　　　　　　　　　　　　　　E-mail: benjamin.torrance@usdoj.gov

　　　cc:　　counsel (by electronic filing)



**AMBASSADE
DE FRANCE
AUX ÉTATS-UNIS**

*Liberté
Égalité
Fraternité*

N° 0388464/DOS

## DIPLOMATIC NOTE

The Embassy of France in the United States of America presents its compliments to the Department of State and, in connection with the case of Bainbridge Fund Ltd. v. The Republic of Argentina, brought before the United States Court of Appeal for the Second Circuit, has the honor to indicate the following.

In a judgment of 30 June 2025, the District Court for the Southern District of New York (SDNY) ordered the Republic of Argentina (hereinafter "Argentina") to transfer to the territory of the United States its shares in Yacimientos Petrolíferos Fiscales Company (hereinafter "YPF") in order to proceed with the payment of its debts owed to the applicant (see Bainbridge Fund Ltd. v. Republic of Argentina, No. 16 Civ. 8605, 2025, WL 1796379).

In the present proceeding, Argentina challenges that decision.

The French Republic is following this proceeding with the greatest interest, in particular due to some of the legal issues it raises.

In this context, the French Republic has the honor to present the following elements.

In the first place, France notes that the present proceeding raises the question of whether the Foreign Sovereign Immunities Act of 1976 ('FSIA') applies outside the territory of the United States of America.

The department of State
French desk
Protocol
Mrs Christine Hulsizer

Although it is not for France, in the present proceeding, to interpret the terms of the FSIA, France notes that its own text states that :

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property in the United States of a foreign State shall be immune from attachment, arrest and execution except as provided in sections 1610 and 1611 of this chapter" [emphasis added]

Section 1610 provides for certain exceptions to this immunity from execution enjoyed by the property of a foreign State in the territory of the United States of America, notably when the property in question is used for a commercial activity in the United States.

Secondly, France stresses that the principle of territorial sovereignty, which is firmly established in public international law, requires that the application of the FSIA, and in particular the above-mentioned clause, be limited to United States territory, since international law generally prohibits the application of the power to enforce one's own law in the territory of a foreign State. As the Permanent Court of International Justice states in the Lotus case:

" the first and foremost restriction imposed by international law upon a State is that – failing the existence of a permissive rule to the contrary – it may not exercise its power in any form in the territory of another State. In this sense jurisdiction is certainly territorial ; it cannot be exercised by a State outside its territory except by virtue of a permissive rule derived from international custom or from a convention " (PCIJ, Lotus, Judgment of 7 September 1927, Series A, No. 10, pp. 18-19). Consequently, the provisions of the FSIA on immunity from execution cannot have the effect of conferring on American courts jurisdiction to order enforcement measures which would apply extraterritorially on property situated outside United States territory.

Thirdly, France notes that there are cooperation mechanisms that enable the enforcement of a judgment from one State in the territory of another State.

These cooperation mechanisms enable litigants to obtain the execution of judicial decisions that are, as the case may be, favorable to them, while preserving the judicial sovereignty of the State on whose territory the execution of the decision is sought.

France would be very grateful if the State Department could transmit this note to the United States Court of Appeals for the Second Circuit in the context of the case cited above. A copy of this note has also been sent to the authorities of the Republic of Argentina./.

The Embassy of France in the United States of America renews to the Department of State the assurances of its highest consideration.

Washington, 30th September 2025

2